```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
MOISES FIGUEROA,                         :
                    Plaintiff,           :
                                         :   09 Civ. 4188 (DLC)
          -v-                            :
                                         :   OPINION & ORDER
ROBERT M. MORGENTHAU, District Attorney  :
of New York County                       :
                    Defendant.           :
                                         :
----------------------------------------X
```

APPEARANCES

For the Pro Se Plaintiff:
Moises Figueroa
DIN 90 B 1047
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

For the Defendant:
Charles King III
Assistant District Attorney
New York County District Attorney's Office
One Hogan Place
New York, NY 10013

DENISE COTE, District Judge:

This case presents the question of whether a state court's denial of a plaintiff's post-conviction request for access to evidence for DNA testing violates the plaintiff's due process rights. For the following reasons, in this case it does not.

BACKGROUND

The pro se incarcerated plaintiff, Moises Figueroa ("Figueroa"), was tried in Supreme Court, New York County in

1

connection with the shooting death of Keith Pagidas outside a Manhattan discotheque on December 23, 1988. After a jury trial, Figueroa was convicted on March 21, 1990 of Murder in the Second Degree and Escape in the First Degree. He was sentenced to consecutive indeterminate terms of imprisonment of 25 years to life and 2 and 1/3 to 7 years' imprisonment. The Appellate Division affirmed the conviction, People v. Figueroa, 204 A.D.2d 103 (1st Dept. 1994), and the Court of Appeals denied leave to appeal. People v. Figueroa, 83 N.Y.2d 967 (1994).

Figueroa subsequently filed a N.Y. Crim. Proc. L. section 440.10 motion seeking to overturn his conviction on the basis of recanted testimony. This motion was denied in state court on April 24, 1997. See Figueroa v. Duncan, 8 Fed. Appx. 73, 74 (2d Cir. N.Y. 2001)).

On October 18, 1999, Figueroa filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 2254. The Honorable John Martin denied that petition as time barred. Figueroa v. Duncan, 00 Civ. 1856 (JSM), 2000 U.S. Dist. LEXIS 20920 (S.D.N.Y. July 20, 2000). The Second Circuit affirmed Judge Martin's decision on May 1, 2001. Figueroa, 8 Fed. Appx. 73.

Figueroa subsequently filed a N.Y. Crim. Proc. L. section 440.30 motion ("440.30 motion") requesting DNA testing of a

blood sample in evidence.  Section 440.30(1-a)(a), enacted in 1994 and amended in 2004, provides

> Where the defendant's motion requests the performance of a forensic DNA test on specified evidence, and upon the court's determination that any evidence containing deoxyribonucleic acid ("DNA") was secured in connection with the trial resulting in the judgment, the court shall grant the application for forensic DNA testing of such evidence upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant.

On August 13, 2004, the Supreme Court, New York County denied Figueroa's 440.30 motion; the Appellate Division affirmed that decision on January 9, 2007.  People v. Figueroa, 36 A.D.3d 458 (1st Dept. 2007).  The First Department said:

> There is no reason to believe DNA testing could provide any support for defendant's theory that an alternative perpetrator shot and killed the victim in the underlying case that led to defendant's murder conviction.  Given the trial testimony, including that of the defense witnesses, there is no basis upon which to suspect that any blood found on the street near the victim's body came from anyone but the victim.  Defendant's assertion that the blood may have come from the claimed alternate assailant, who allegedly had a fight with the victim in a nearby club prior to the shooting, is highly speculative.

Id. at 459.  The Court of Appeals denied Figueroa leave to appeal on June 6, 2007.  People v. Figueroa, 9 N.Y. 3d 843 (2007).

On April 28, 2009, Figueroa filed this § 1983 action, claiming that the denial of his request for DNA testing violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.  The defendant moved to dismiss this complaint on September 25, 2009.  This motion became fully submitted on October 28.[1]

DISCUSSION

In Dist. Attorney's Office for the Third Judicial Dist. v. Osborne, -- U.S. ----, 129 S.Ct. 2308 (2009), the Supreme Court recently addressed a plaintiff's constitutional right to obtain post-conviction access to evidence for DNA testing.  The Court held that a federal court "may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." Id. at 2320.  A post-conviction relief procedure is deemed inadequate if it "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." Id. (citation omitted).  It is the plaintiff's "burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief."

---

[1] The defendant did not file a reply.

4

Id. at 2321.  The Court also refused to recognize a substantive due process "freestanding" right to DNA evidence.  Id. at 2322.

Figueroa has not shown the New York state post-conviction relief procedure to be inadequate.  On its face, the New York statute is more permissive in allowing access to evidence for DNA testing than the Alaskan procedures that the Court found constitutional in Osborne.[2]  Whereas Alaskan procedures allow post-conviction relief only where the DNA testing can establish innocence by "clear and convincing evidence," Osborne, 129 S.Ct. at 2317 (citation omitted), the New York statute allows access to evidence for DNA testing when "there exists a reasonable probability that the verdict would have been more favorable to the defendant."  N.Y. Crim. Proc. L. § 440.30(1-a)(a).  If the Alaskan post-conviction relief procedures pass constitutional muster, then the more permissive New York procedures certainly do.  See Newton v. City of N.Y., 07 Civ. 6211 (SAS), 2009 WL

---

[2] Alaska's general post-conviction relief statute provides that "a prisoner may challenge his conviction when there exists evidence of material facts, not previously presented and heard by the court, that requires vacation of the conviction or sentence in the interest of justice."  Osborne, 129 S.Ct. at 2317 (citation omitted).
> [A] defendant is entitled to post-conviction relief if [he] presents newly discovered evidence that establishes by clear and convincing evidence that [he] is innocent. . . . Alaska courts have explained that these procedures are available to request DNA evidence for newly available testing to establish actual innocence.

Id. (citation omitted).

5

3294996, *8 (S.D.N.Y. Oct. 13, 2009).  Moreover, Figueroa has not identified any way in which the state procedures were applied in violation of his constitutional rights.  Cf. Id. at *8-10 (DNA testing deferred for eleven years).

Figueroa relies principally on McKithen v. Brown, 565 F. Supp. 2d 440 (E.D.N.Y. 2008).  McKithen said

> Given the proven fallibility of reviewing courts in making such assessments, it is puzzling why § 440.30(1-a) calls upon courts to speculate as to what the result of DNA testing is likely to be.  A far more accurate way to determine the result of DNA testing is to conduct the testing.

Id. at 483.  Finding that N.Y. Crim. Proc. Law section 440.30(1-a)(a) created a "needless risk of erroneous deprivation," id., McKithen held that the "the Due Process Clause of the Fourteenth Amendment grants a convicted offender access to physical evidence for the purpose of DNA testing if it can be performed with negligible cost to the state and exculpatory results would undermine confidence in the outcome of trial." Id. at 444.  McKithen's analysis of N.Y. Crim. Proc. Law section 440.30(1-a)(a) and the Due Process Clause has been superseded by the Supreme Court's recent decision in Osborne, 129 S.Ct. 2308, however, and no longer provides guidance on this issue.

6

CONCLUSION

The defendant's September 25, 2009 motion to dismiss is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         November 18, 2009

                                      _____
                                             DENISE COTE
                                      United States District Judge

COPIES SENT TO:

Moises Figueroa
90-B-1047
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

Charles E. King, III
Assistant District Attorney
Office of the District Attorney
County of New York
One Hogan Place
New York, NY 10013