```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MOISES FIGUEROA,                        :
                         Plaintiff,     :
                                        :     09 Civ. 4188 (DLC)
             -v-                        :
                                        :     OPINION AND ORDER
ROBERT M. MORGENTHAU, District Attorney :
of New York County                      :
                         Defendant.     :
                                        :
----------------------------------------X
```

APPEARANCES:

For the plaintiff:
Moises Figueroa, appearing pro se
# 90-B-1047
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

For the defendant:
Charles E. King, III
New York County District Attorney's Office
One Hogan Place
New York, NY 10013

DENISE COTE, District Judge:

   Pro se plaintiff Moises Figueroa ("Figueroa") filed this motion pursuant to Federal Rule of Procedure 60(b) on June 20, 2011 for relief from this Court's Opinion granting the defendant's motion to dismiss, Figueroa v. Morgenthau, No. 09 Civ. 4188 (DLC), 2009 WL 3852467 (S.D.N.Y. Nov. 18, 2009) [hereinafter the "November 18 Opinion"].  The defendant submitted a letter in opposition on June 30, to which Figueroa

1

responded in a letter dated July 6.  For the reasons stated below, Figueroa's Rule 60(b) motion is denied.

BACKGROUND

Familiarity with the facts of this case, as described in the November 18 Opinion, is assumed.  Figueroa was tried and convicted in Supreme Court, New York County on March 21, 1990 of Murder in the Second Degree and Escape in the First Degree.  The Appellate Division affirmed the conviction, and the Court of Appeals denied leave to appeal.

Figueroa subsequently filed a N.Y. Crim. Proc. L. § 440.30 motion ("440.30 motion") requesting DNA testing of a blood sample in evidence.  Section 440.30(1-a)(a), enacted in 1994 and amended in 2004, provides

> [w]here the defendant's motion requests the performance of a forensic DNA test on specified evidence, and upon the court's determination that any evidence containing deoxyribonucleic acid ("DNA") was secured in connection with the trial resulting in the judgment, the court shall grant the application for forensic DNA testing of such evidence upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant.

On August 13, 2004, the Supreme Court, New York County denied Figueroa's 440.30 motion; the Appellate Division affirmed that

decision on January 9, 2007.  People v. Figueroa, 36 A.D.3d 458 (1st Dept. 2007).  The First Department said:

> There is no reason to believe DNA testing could provide any support for defendant's theory that an alternative perpetrator shot and killed the victim in the underlying case that led to defendant's murder conviction.  Given the trial testimony, including that of the defense witnesses, there is no basis upon which to suspect that any blood found on the street near the victim's body came from anyone but the victim.  Defendant's assertion that the blood may have come from the claimed alternate assailant, who allegedly had a fight with the victim in a nearby club prior to the shooting, is highly speculative.

Id. at 459.  The Court of Appeals denied Figueroa leave to appeal on June 6, 2007.  People v. Figueroa, 9 N.Y. 3d 843 (2007).

On April 28, 2009, Figueroa filed this action bringing claims pursuant to 42 U.S.C. § 1983 and claiming that the denial of his request for DNA testing violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.  In the November 18 Opinion, this Court granted the defendant's motion to dismiss, finding that under the Supreme Court's decision in Dist. Attorney's Office for the Third Judicial Dist. v. Osborne, 129 S. Ct. 2308 (2009), Figueroa had not carried his "burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief."  November 18 Opinion, 2009 WL 3852467 at *2 (quoting Osborne, 129 S. Ct. at 2321).  A letter from

3

Figueroa received by the Court's Pro Se Office on November 19 was construed as a motion for reconsideration and denied because it raised issues unrelated to the reasoning of the November 18 Opinion.  On April 9, 2010, the Second Circuit dismissed Figueroa's appeal of the November 18 Opinion because it "lack[ed] an arguable basis in law or fact" pursuant to 28 U.S.C. § 1915(e).

DISCUSSION

Figueroa brings this motion pursuant to Federal Rule of Civil Procedure 60(b)(6), which allows a court to relieve a party of a judgment "for any other reason that justifies relief."  "Relief [under Rule 60(b)(6)] is warranted where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served."  United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009) (citation omitted); United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (Rule 60(b) relief is "generally not favored and is properly granted only upon a showing of exceptional circumstances")(citation omitted).

Figueroa argues that the Supreme Court's recent decision in Skinner v. Switzer, 131 S. Ct. 1289 (2011), issued after Osborne, modifies the law in this field and provides a basis for

4

reconsideration of the dismissal of this action.  But Figueroa does not point to anything in particular in Skinner that overrules or changes Osborne's guidance regarding the burden a plaintiff must carry to ask a federal court to upset a State's postconviction relief procedures.  In fact, Skinner recognizes that "Osborne severely limits the federal action a state prisoner may bring for DNA testing . . . and left slim room for the prisoner to show that the governing state law denies him procedural due process."  Skinner, 131 S. Ct. at 1293.  Skinner does not make any change to that holding.  Rather, Skinner addressed a question which Osborne had left open and found that a state prisoner seeking DNA testing of crime-scene evidence could bring a challenge pursuant to § 1983 to the post-conviction procedures of a State, not only through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Id. at 1293.

    The November 18 Opinion did not grant the defendant's motion to dismiss because Figueroa had brought an action pursuant to § 1983 rather than a habeas petition.  In fact, the type of action was not discussed, as the Second Circuit had already found that a challenge such as the one brought by Figueroa could be made pursuant to a § 1983 prior to Skinner in McKithen v. Brown, 481 F.3d 89, 99 (2d Cir. 2007).  Therefore, Skinner did not change the law in this Circuit on either the

5

method by which a state prisoner could challenge a State's postconviction relief or the burden on a prisoner in bringing such a challenge.

CONCLUSION

Figueroa's June 20, 2011 Rule 60(b) motion is denied. The Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:   New York, New York
         September 16, 2011

                                        DENISE COTE
                              United States District Judge

COPIES SENT TO:

Moises Figueroa
90-B-1047
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

Charles E. King, III
Assistant District Attorney
Office of the District Attorney
County of New York
One Hogan Place
New York, NY 10013